UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS PENSION FUND,**
**WISCONSIN LABORERS APPRENTICESHIP AND TRAINING FUND,**
and **JOHN J. SCHMITT (in his capacity as Trustee),**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

               **Plaintiffs,**

  v.                                                                                                        Case No. 19-cv-900

**H&B SPECIALIZED PRODUCTS, INC.,**

               **Defendant.**
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by John J. Brennan, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1.    Jurisdiction of this Court upon Defendant H&B Specialized Products, Inc. is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") (29 U.S.C. § 1132), and Section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to

submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, Section 301 of the LMRA, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA §502(e)(2) (29 U.S.C. §1132(e)(2)) in that the Plaintiff Funds' are administered in Dane County, Wisconsin.

**Parties**

3. Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, and Wisconsin Laborers Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

4. Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such has standing to be a Plaintiff in this action. Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, WI 53532.

5. Plaintiff Wisconsin Laborers District Council (hereinafter "Laborers Union") is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

6. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)), whose purpose is to address areas of common concern to labor and management in the construction industry. Said Plan maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

7. H&B Specialized Products, Inc. ("H&B") is a Minnesota corporation, engaged in business, with principal offices located at 6560 Edenvale Boulevard, Eden Prairie, Minnesota 55346. Its registered agent for service of process is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717

8. H&B is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. §151, et seq.).

**Facts**

9. H&B is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

10. For all times relevant, H&B was and remained a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself, the Northern Wisconsin Building & Construction Trades Council on behalf of the Wisconsin Laborers District Council (hereinafter "Union") and the School District of Superior.

11. The Union represents, for purposes of collective bargaining, certain H&B employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

12. The Labor Agreements described herein contain provisions whereby H&B agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

13. By execution of said Labor Agreements, H&B adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

14. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, H&B has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the Labor Agreements;

    b. to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

    c. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    d.    to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

    e.    to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

    f.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    g.    to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

15.    H&B has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    A.    failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of H&B's covered employees; and

    B.    failing to accurately report employee work status to the Plaintiffs.

16.    ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

  (A) the unpaid contributions,

  (B) interest on the unpaid contributions,

  (C) an amount equal to the greater of --

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

  (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

  (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

 17. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

 18. Despite demands that H&B perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, and refused to make its required payments.  H&B is indebted to the Plaintiff Funds for the following periods:

Audit Period:  July 1, 2017 to March 31, 2018:

| | |
|---|---:|
| Wisconsin Laborers Health Fund | $522.72 |
| Wisconsin Laborers Pension Fund | $539.71 |
| Wisconsin Laborers Apprenticeship and Training Fund | 18.29 |
| Wisconsin Laborers District Council | $51.92 |
| Wisconsin LECET Fund | $3.96 |

19.　Despite demands from the Fund's auditor and attorneys, H&B has failed to make the aforementioned payments and remains indebted to the Funds and Union for these amounts:

**Claim One Against Defendant H&B
Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132, 1145)**

20.　As and for a first claim for relief against H&B, the plaintiffs reallege each and every allegation contained in paragraphs 1 through 18 above and incorporate the same as though fully set forth herein word-for-word.

21.　Due demand has been made upon H&B for payment of all sums due and owing, but said defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

22.　Because, as the plaintiffs are informed and believe, H&B has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of plaintiffs' trust funds is reduced, plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.  Consequently, ERISA and plaintiffs' employee benefit plans have been violated, and the plaintiffs are entitled to all of the remedies provided by ERISA.

23.　Because H&B has failed to make timely and prompt contributions, some of the plaintiffs' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.  These beneficiaries and participants

would be left without an adequate remedy at law and would suffer severe and irreparable harm if H&B is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, plaintiffs demand the following relief:

1. Judgment on behalf of the plaintiffs and against H&B:

    A. For $1,136.60 representing unpaid contributions, interest and liquidated damages owed to the Funds for the audit period July 1, 2017 to March 31, 2018;

    B. For $51.92 representing unpaid dues to the Union for the audit period July 1, 2017 to March 31, 2018;

    C. For unpaid contributions, interest and liquidated damages owed to the plaintiffs becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

Dated this 1st day of November, 2019.

    s/John J. Brennan
    John J. Brennan (SBN 1018604)
    The Previant Law Firm, S.C.
    310 West Wisconsin Avenue, Suite 100MW
    Milwaukee, WI 53203
    414-271-4500 (Telephone)
    414-271-6308 (Fax)
    Email: jjb@previant.com

    Attorney for Plaintiffs